```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

JOHN SENTER,                    )   No. CV 10-165 PJW
                                )
            Plaintiff,          )
                                )   MEMORANDUM OPINION AND ORDER
     v.                         )
                                )
MICHAEL J. ASTRUE,              )
Commissioner of the             )
Social Security Administration, )
                                )
            Defendant.          )
_____)
```

## I.
## INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance benefits ("DIB"). He claims that the Administrative Law Judge ("ALJ") erred when he: (1) concluded that Plaintiff's back impairment was not severe; and (2) failed to consider the opinions of the treating and examining doctors. (Joint Stip. at 3-7, 9-13, 16-21.) Because the Agency's decision that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence, it is affirmed.

II.

SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff applied for DIB on October 31, 2006, alleging that he had been unable to work since February 1, 1991, due to back problems which caused pain. (Administrative Record ("AR") 116-18, 157.) The Agency denied his application initially and on reconsideration. (AR 44-48, 50-55.) He then requested and was granted a hearing before an ALJ. (AR 56, 59-64.) On January 13, 2009, Plaintiff appeared with counsel and testified at the hearing. (AR 18-39.) On July 13, 2009, the ALJ issued a decision denying benefits. (AR 5-14.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-4.) He then filed suit in this court.

III.

ANALYSIS

1. The ALJ's Determination That Plaintiff's Back Impairment Was Not Severe

Plaintiff contends that the ALJ erred when he found that Plaintiff's back impairment was not severe. (Joint Stip. at 3-7.) For the following reasons, the Court concludes that the ALJ did not err and that, even if he did, any error was harmless.

At step two, the ALJ is tasked with identifying a claimant's "severe impairments." 20 C.F.R. § 404.1520(a)(4)(ii). Severe impairments are impairments that significantly limit an individual's physical or mental ability to do basic work activities.[1] *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. § 404.1521(a).

---

[1] The governing regulations define "basic work activities" to include physical functions such as walking, sitting, lifting, pushing, pulling, reaching, carrying, or handling. 20 C.F.R. § 404.1521(b).

In addition, to meet the test at step two, the impairment(s) must last for at least 12 months. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). An impairment is *not* severe "if it is merely a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") No. 96-3p). The step-two inquiry is intended to be a "de minimis screening device." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). "[A]n ALJ may find that a claimant lacks a medically severe impairment . . . only when his conclusion is 'clearly established by medical evidence.'" *Webb*, 433 F.3d at 687 (quoting SSR 85-28).

The ALJ found that Plaintiff's lumbar spine degenerative disc disease was a medically determinable impairment, noting that Plaintiff underwent a lumbar discectomy in July 1989 and lumbar spine surgery in May 1991 and that he was treated intermittently for complaints of back pain between 1992 and 1994. (AR 10-11.) Nevertheless, the ALJ determined that the impairment was not *severe* prior to September 30, 1995--the last date Plaintiff was insured--because there was no evidence that his impairment significantly limited his ability to perform basic work activities for a period of 12 consecutive months.[2] (AR 11.) The ALJ noted that Plaintiff had not submitted any medical reports prepared during the relevant period and that no treating or

---

[2] Plaintiff had the burden to show that he was disabled prior to his date last insured. *See Armstrong v. Comm'r,* 160 F.3d 587, 589 (9th Cir. 1998); *see also Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1458 (9th Cir. 1995) ("If the claimant was not disabled on the last day that [he] was insured under the Act, then [he] cannot recover disability benefits for a new period of disability with an onset date after expiration of insured status[.]").

examining doctor had found that he had "functional limitations expected to last for at least 12 continuous months" prior to his date last insured.[3]  (AR 13.)

Plaintiff argues that the record does not support the ALJ's finding that his back impairment was not severe.  He believes that there is significant evidence showing that this impairment had more than a minimal effect on his ability to do basic work activities.  (Joint Stip. at 6.)

Plaintiff misses the point.  The ALJ did not find that Plaintiff's impairment was not severe because it did not affect his ability to do basic work activities.  Instead, the ALJ concluded that there was no evidence that Plaintiff's back problems lasted for more than 12 months.  (AR 13.)  The record arguably supports the ALJ's finding.  Though numerous medical records in the file show that between 1991 and 1995 Plaintiff suffered from back pain that often caused him to seek treatment, they do not establish that Plaintiff's back problems persisted for 12 months at a time.  (AR 201, 243, 268, 269, 273, 275, 276, 277, 279, 282, 434, 438, 439.)  Rather, they show that, during this period, Plaintiff was often forced to see a doctor when he hurt himself performing various activities, like jumping six feet onto a movie set (Plaintiff had been a stunt man), pushing a car, carrying a boat, lifting things out of his truck, or being knocked around on a boat trip to Central America.  (AR 267-70, 276, 278, 453, 455.)  Following these incidents, Plaintiff was usually treated with medication and released, often returning for follow-up.  Nothing in

---

[3] The ALJ discounted Plaintiff's testimony to the extent that it was inconsistent with these findings.  (AR 12-13.)  Plaintiff has not challenged the credibility finding.

these records suggests that the doctors expected Plaintiff to be severely limited for a year by his back pain.  In fact, the only mention regarding duration that the Court could decipher in the 400+ pages of medical records is a chart note by Plaintiff's surgeon following back surgery on May 25, 1991, in which the doctor anticipated that Plaintiff would be disabled until September 1, 1991.  (AR 197.)  Thus, a fair reading of this record supports the ALJ's finding that Plaintiff's back impairment was not severe because the evidence did not establish that it lasted for a period of 12 months.[4]

Further, even if the Court were to agree with Plaintiff that the ALJ erred in concluding at step two that the impairment was not severe, it would find that the error was harmless.  An error is harmless in this context if it does not affect the ultimate non-disability determina-tion.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding error in finding an impairment non-severe at step two was harmless when ALJ accounted for resulting limitations later in sequential evaluation process); and *Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006) (defining harmless error as one that is "inconsequential to the ultimate non-disability determination").

In addition to finding that Plaintiff's impairment was not severe, the ALJ made two alternative findings.  First, he concluded that, even if Plaintiff's impairment was severe, Plaintiff was capable of performing sedentary work and, thus, could perform his prior job as a proofreader.  (AR 13 n.1.)  Second, he found that, if Plaintiff

---

[4] The Court has not overlooked the records that show that there were times during this period when Plaintiff was forced to seek treatment for back pain that was not triggered by any particular event, but, again, these records do not demonstrate that Plaintiff's pain would persist for more than 12 months.

could not work as a proofreader and the ALJ had to consult the Medical-Vocational Guidelines, Rule No. 201.27 directed a finding of "not disabled" as of his alleged onset date. (AR 13 n.1.) Plaintiff does not challenge these alternative findings.

For all these reasons, Plaintiff's claim does not support reversal. The ALJ's decision that the medical evidence did not establish the durational requirement is supported by substantial evidence. Even if it were not, the ALJ's alternative findings render that error harmless.

2. <u>The Treating and Examining Doctors' Opinions</u>

In his remaining claims of error, Plaintiff contends that the ALJ erred when he failed to address the 2007 opinions of the examining and treating physicians. (Joint Stip. at 9-13, 16-21.) For the following reasons, the Court concludes that these claims do not require reversal, either.

The examining doctor examined Plaintiff on January 18, 2007--more than 11 years after Plaintiff's insurance expired--and concluded that he suffered from chronic pain syndrome with symptoms radiating down to his legs. (AR 347-51.) He opined that Plaintiff "is in severe discomfort and significantly impaired," and limited him to lifting and carrying no more than ten pounds occasionally and five to ten pounds frequently; walking, standing, and sitting for less than two hours in an eight-hour workday for no more than ten minutes at a time; and no postural activities (such as climbing, balancing, or kneeling). (AR 351).

Eight months later, on August 8, 2007, Plaintiff's treating physician filled out a form, setting forth her opinion that Plaintiff could only lift or carry less than ten pounds; sit, stand, or walk

less than two hours in an eight-hour day, with the need to alternate positions every ten to fifteen minutes; and never twist, stoop, crouch, or climb ladders.  (AR 374-75.)  She also concluded that Plaintiff should avoid even moderate exposure to temperature extremes, humidity, noise, and fumes; and found that his pain would "seriously" limit his ability to focus, perform at a consistent pace, understand and carry out detailed instructions, and deal with stress.  (AR 376, 378-79.)

The ALJ did not mention either doctor's opinion in his decision.  This was error.  The opinions of treating and examining doctors are critical evidence and ALJs are required to provide specific and legitimate reasons for rejecting them.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989); but see *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (affirming ALJ's decision despite the fact that he failed to mention letter from treating psychiatrist that the circuit court found was not persuasive).  The Agency's argument that the ALJ was not required to consider them because they addressed Plaintiff's condition 11 years after his date last insured is rejected.  Based on this record, it is impossible to know why the ALJ failed to mention these opinions.  It is quite possible that he simply overlooked them.  The better practice is to set forth the opinions and provide reasons for discounting them.

That being said, however, the Court finds that the ALJ's failure to consider these opinions was harmless.  They address Plaintiff's condition in 2007 and are not relevant to Plaintiff's condition before September 1995.  As such, they are not probative of the issue of disability in 1995.  *See*, *e.g.*, *Capobres v. Astrue*, 2011 WL 1114256, at *5 (D. Ida. Mar. 25, 2011) (holding ALJ's rejection of treating

doctor's opinion not error where it was completed nearly two-and-a-half years after claimant's date last insured and was not offered as retrospective analysis). Further, because they are not probative, no reasonable ALJ would have come to a different disability determination after considering these opinions. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding ALJ properly discounted physician's retrospective opinion because it did not contain assessment of claimant's functional capacity prior to the date last insured).[5]

## IV.
## CONCLUSION

For the reasons set forth above, the Court finds that the Agency's findings are supported by substantial evidence and are free from material legal error. The decision is, therefore, affirmed.

IT IS SO ORDERED.

Dated: <u>August 4, 2011</u>

                                    */s/ Patrick J. Walsh*
                                PATRICK J. WALSH
                                UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\SENTER, J 165\MemoOpinion.wpd

---

[5] Plaintiff argues that his treating physician's opinion showed a "longitudinal perspective," suggesting that she must have been addressing his condition as of 1995. (Joint Stip. at 18, 21, 23.) A plain reading of the treating doctor's 2007 opinion, however, undermines this argument. (AR 374-76.) The opinion focuses solely on Plaintiff's condition at that time and does not discuss his condition in 1995.